IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN JON KIMBALL<br>83 Indian Creek Drive<br>Levittown, PA 19057, | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff | : <br> : | NO. |
| v. | : <br> : | TRIAL BY JURY DEMANDED |
| BENSALEM TOWNSHIP<br>Municipal Building<br>2400 Byberry Road<br>Bensalem, PA 19020, | : <br> : <br> : <br> : <br> : | |
| & | : <br> : | |
| POLICE OFFICER JOHN DOE<br>BADGE NO. 22312<br>C/O Bensalem Police Department<br>2400 Byberry Road<br>Bensalem, PA 19020, | : <br> : <br> : <br> : <br> : | |
| Defendants | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Kevin Jon Kimball, by and through undersigned counsel, herby alleges the following:

## PARTIES

1. Plaintiff Kevin Jon Kimball is an adult individual who resides at 83 Indian Creek Drive, Levittown, PA 19057.

1

2. Defendant Bensalem Township is a municipal government agency existing and organized under the laws of the Commonwealth of Pennsylvania with a central office located at 2400 Byberry Road, Bensalem, PA 19020.

3. Defendant Police Officer John Doe, Badge No. 22312, is an adult citizen and employee of the Bensalem Township Police Department, with a central office located at 2400 Byberry Road, Bensalem, PA 19020. Police Officer John Doe is sued in his individual capacity only.

4. At all times material hereto, the Defendant Bensalem acted through its agents, servants, workmen and/or employees, specifically the Bensalem Police Department in the furtherance of its legislative mandate.

5. At all times material hereto, the police officer in question acted under color of law and within the course and scope of his employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Bensalem Police Department.

**JURISDICTION & VENUE**

6. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

7. This Court further has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as his state law claims arise out of the same case and controversy as the federal claims.

8. Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

## JURY DEMAND

9. Plaintiff demands a trial by jury on all issues so triable.

## FACTUAL BACKGROUND

10. On June 10, 2012 at approximately 10:00 p.m. Plaintiff was driving on Street Road in Bensalem Township.

11. Plaintiff was stopped in the right lane at a red light.

12. A black pickup truck pulled into the shoulder on his right.

13. When the light turned green the black pickup accelerated quickly and swerved in front of the Plaintiff.

14. The driver of the black pickup then slammed on his brakes twice in a row in an apparent attempt to cause an accident and/or cause harm to Plaintiff.

15. Plaintiff called 911 to report the illegal, aggressive, and dangerous behavior of the driver of the pickup truck.

16. Plaintiff was afraid to get close enough to the truck to get the license plate but eventually reported to the 911 operator the plate number.

17. The pickup truck made an abrupt U-turn.

18. Plaintiff followed him from a safe distance.

19. The truck pulled into the parking lot of the Bensalem police department.

20. Plaintiff, still connected to 911, was advised to stay in his vehicle.

21. An officer came out of the police station and went directly over to the black pickup truck.

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

22. The officer then approached the Plaintiff and asked for his license.

23. Plaintiff provided his identification and the officer left momentarily.

24. When the officer returned he told Plaintiff he was free to go.

25. Plaintiff expected the officer to take some action against the reckless driver of the black pickup truck.

26. When the officer told the Plaintiff to just leave, Plaintiff became suspicious of the relationship between the other driver and the police officer.

27. Meanwhile a second officer, Defendant Officer John Doe, had pulled up in a vehicle and parked behind the Plaintiff.

28. The Plaintiff expressed to the first officer that he was upset by the behavior of the black pickup truck and wanted to know if anything would be done about it.

29. The first officer told him to there would be a police report on Monday for him to retrieve.

30. Plaintiff responded that if the driver had done what he did to the officer, the driver would be in handcuffs.

31. The first officer repeated that a report would be available Monday.

32. As Plaintiff was pulling out of the parking lot the first officer was still chatting with the owner of the black pickup truck and Defendant Officer Doe was nearby.

33. Plaintiff made a remark to the driver of the pickup truck.

34. Defendant Officer Doe responded that he would arrest Plaintiff for disorderly conduct.

35. Plaintiff was confused as to why the officers were treating him with disrespect when he

Levin & Zeiger LLP
123 South Broad Street, Suite 1200
Philadelphia, PA 19109
(215) 825-5183

had come to them as a victim looking for help.

36. Plaintiff told Defendant Doe to go fuck himself.

37. Defendant Doe then pulled the Plaintiff's door open and yelled for the Plaintiff to get out of the car or he would Taser him.

38. Defendant Doe pushed Plaintiff up against the car and frisked him.

39. Defendant Doe placed handcuffs on Plaintiff.

40. The handcuffs were intentionally and maliciously placed too tightly on Plaintiff's wrists.

41. The handcuffs caused pain and lacerations.

42. Defendant Doe yanked Plaintiff backward by his arm and Plaintiff fell backward on to the ground, on top of his hands.

43. As Plaintiff involuntarily fell to the ground, he was in no way being aggressive or using force against Defendant Doe.

44. Plaintiff was lying on the ground in pain after landing on his hands.

45. Plaintiff did not make any movements toward the officer.

46. Defendant Doe Tasered the Plaintiff while he was immobilized on the ground in handcuffs.

47. The other officer stood watching but did not intervene.

48. Plaintiff was placed under arrest and held in a cell at the police station for at least six hours.

49. Toward the end of his confinement a representative from internal affairs interviewed

5

**LEVIN & ZEIGER LLP**
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

the Plaintiff.

50. The internal affairs investigator was apologetic to the Plaintiff for the treatment he received.

51. Plaintiff was then released.

52. Plaintiff was not charged with any crime.

53. Plaintiff suffered physical injuries from the incident including but not limited to: injuries to his wrists, injuries to his hip, lacerations, and injuries from the Taser.

54. Plaintiff suffered additional damages as a direct result of the Defendants' conduct including but not limited to trauma and distress, pain and suffering, humiliation and embarrassment, and loss of liberty.

55. Defendants' actions were wilful and outrageous in that their motives and conduct as set forth above were malicious, wanton, reckless, oppressive and so egregious as to shock contemporary conscience.

## **COUNT I: UNREASONABLE AND UNLAWFUL SEIZURE**
VIOLATION OF THE FOURTH AMENDMENT & 42 U.S.C. § 1983
PLAINTIFF KIMBALL V. DEFENDANT DOE

56. Plaintiff alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

57. Defendant Doe seized and arrested the Plaintiff without probable cause that Plaintiff committed a crime.

58. The arrest of the Plaintiff without probable cause violated Plaintiff's Fourth Amendment right to be free from unreasonable and unlawful seizures.

**LEVIN & ZEIGER LLP**
**123 SOUTH BROAD STREET, SUITE 1200**
**PHILADELPHIA, PA 19109**
**(215) 825-5183**

59. Defendant Doe was working as a Bensalem Police Officer and was acting under the color of state law when he unlawfully seized and arrested the Plaintiff.

60. The constitutional violation suffered by the Plaintiff was directly and proximately caused by Defendant Doe.

61. Defendant Doe was aware of the absence of probable cause to arrest the Plaintiff.

62. Defendant Doe knowingly, intentionally, and maliciously seized and arrested the Plaintiff in violation of the laws of Pennsylvania and in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

WHEREFORE, Plaintiff Kimball demands judgment against Defendant Doe in his individual capacity for such sums as would reasonably and properly compensate Plaintiff for injuries in an amount in excess of Two Hundred Thousand Dollars ($200,000.00) including punitive damages, delay damages, interest, and costs.   Plaintiff demands declaratory and injunctive relief.  Plaintiff makes a claim for attorney fees and expenses pursuant to 42 U.S.C. § 1988.

## COUNT II: EXCESSIVE FORCE
VIOLATION OF THE FOURTH AMENDMENT & 42 U.S.C. § 1983
PLAINTIFF KIMBALL V. DEFENDANT DOE

63. Plaintiff alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

64. As Plaintiff had not committed any crime, and there was no probable cause to believe he had, Defendant Doe was not privileged to use any force against the Plaintiff.

65. Regardless, Defendant Doe physically assaulted the Plaintiff and threw him to the ground.

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

66. Defendant Doe handcuffed the Defendant and intentionally and maliciously tightened the cuffs to cause injury and pain to the Plaintiff.

67. When Plaintiff was already in custody handcuffed on the ground, Defendant Doe used a Taser on the Plaintiff.

68. The force used against the Plaintiff, a law abiding citizen, was plainly excessive.

69. Defendant Doe was working as a Bensalem Police Officer and was acting under the color of state law when he used unlawful and unconstitutional force against the Plaintiff.

70. Defendant Doe was aware he was not privileged to use force against the Plaintiff.

71. Defendant Doe knowingly, intentionally, and maliciously assaulted the Plaintiff in violation of the laws of Pennsylvania and in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

WHEREFORE, Plaintiff Kimball demands judgment against Defendant Doe in his individual capacity for such sums as would reasonably and properly compensate Plaintiff for injuries in an amount in excess of Two Hundred Thousand Dollars ($200,000.00) including punitive damages, delay damages, interest, and costs.    Plaintiff demands declaratory and injunctive relief.  Plaintiff makes a claim for attorney fees and expenses pursuant to 42 U.S.C. § 1988.

### COUNT III: MUNICIPAL LIABILITY
UNDER 42 U.S.C. § 1983 & *MONELL*
PLAINTIFF KIMBALL V. DEFENDANT BENSALEM TOWNSHIP

72. Plaintiff alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

73.    Defendant Doe used excessive force to arrest the Plaintiff, without probable cause, in

8

violation of the Plaintiff's Fourth and Fourteenth Amendments rights under the U.S. Constitution.

74. After Plaintiff was handcuffed, Defendant Doe used further force against the Plaintiff.

75. Plaintiff was then falsely imprisoned as a result of Defendant Doe's actions.

76. All of Defendant Doe's unconstitutional actions were executed on the property of the Bensalem Police Department in view of at least one other member of the Bensalem Police force.

77. Defendant Bensalem Township has adopted and maintained policies, customs, and/or practices of condoning and/or acquiescing in excessive force, unconstitutional seizures, and false arrests.

78. Defendant Bensalem Township has additionally systematically failed to properly investigate, supervise, and discipline its employees.

79. Defendant Bensalem Township has an has an inadequate policy for evaluating potential employees which results in the hiring of officers who violate citizens' rights to be free from unlawful seizures and excessive force.

80. Defendant Bensalem Township has an has an inadequate policy for reviewing claims that a police officer violated a citizen's Fourth Amendment rights which results in the retention of officers who violate those rights.

81. Defendant Bensalem Township was deliberately indifferent to the routine constitutional violations committed by its employees. Defendant Bensalem knew that its police officers violated the constitutional rights of citizens and/or knew that its police officer engaged in conduct that posed a pervasive and unreasonable risk of such violations. Defendant Bensalem

9

LEVIN & ZEIGER LLP
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

deliberately, knowingly, and intentionally failed to take measure to stop or limit the policies, customs, and practices.

82. Defendant Bensalem's policies, customs, and/or practices were a direct and proximate cause of Plaintiff's injuries.

83. Defendant Bensalem Township has failed to properly train its police officers in the constitutional use of force.

84. Defendant Bensalem Township has failed to properly train its police officers with regard to making lawful and constitutional seizures and arrests.

85. Defendant Bensalem Township has failed to properly train its police officers in First Amendment law and the right of citizens to speak freely without suffering unlawful retaliation.

86. The failure of Defendant Bensalem Township to properly train police officers in the use of force and the constitutional use of the seizure power directly and proximately caused the violation of Plaintiff's Fourth Amendment rights to be free from excessive force and unreasonable seizure.

WHEREFORE, Plaintiff demands compensatory damages against Defendant Bensalem Township, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Two Hundred Thousand ($200,000.00) Dollars together with delay damages, interest, and costs.   Plaintiff makes a claim for attorney fees and expenses pursuant to 42 U.S.C. § 1988.

**LEVIN & ZEIGER LLP**
**123 SOUTH BROAD STREET, SUITE 1200**
**PHILADELPHIA, PA 19109**
**(215) 825-5183**

## COUNT IV: FALSE ARREST
### UNDER PENNSYLVANIA LAW
### PLAINTIFF KIMBALL V. DEFENDANTS

87. Plaintiff alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

88. Defendant Doe, acting within the course and scope of his authority as an employee of Defendant Bensalem Township, arrested the Plaintiff without probable cause.

89. Defendant Doe's conduct was a factual, direct, and proximate cause of harm to the Plaintiff.

90. Defendant knowingly arrested the Plaintiff without probable cause and his actions were illegal, intentional, malicious, and constituted willful misconduct.

WHEREFORE, Plaintiff Kimball demands compensatory and punitive damages against Defendants for the common law tort of false arrest, for such sums as would reasonably and properly compensate him for his injuries in excess of Two Hundred Thousand Dollars ($200,000).

## COUNT V: ASSAULT & BATTERY
### UNDER PENNSYLVANIA LAW
### PLAINTIFF KIMBALL V. DEFENDANTS

91. Plaintiff alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

92. The above-described actions of Defendant Doe constituted a battery because his intentional physical contact of touching of Plaintiff was harmful and offensive and gave the Plaintiff reason to fear immediate bodily harm, and, in fact, caused bodily harm.

**LEVIN & ZEIGER LLP**
123 SOUTH BROAD STREET, SUITE 1200
PHILADELPHIA, PA 19109
(215) 825-5183

93. Defendant Doe, acting within the course and scope of his authority as an employee of Defendant Bensalem Township, wrongfully and unlawfully assaulted and battered Plaintiff.

94. Defendant Doe's conduct was a factual, direct, and proximate cause of harm to the Plaintiff.

95. Defendant's actions were illegal, malicious, intentional, and constituted willful misconduct.

WHEREFORE, Plaintiff Kimball demands compensatory and punitive damages against Defendants for the common law tort of assault and battery, for such sums as would reasonably and properly compensate him for his injuries in excess of Two Hundred Thousand Dollars ($200,000).

## COUNT VI: FALSE IMPRISONMENT
UNDER PENNSYLVANIA LAW
PLAINTIFF KIMBALL V. DEFENDANTS

96. Plaintiff alleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

97. Defendants imprisoned Plaintiff at the Bensalem Police station for at least six hours without cause or justification.

98. Defendants' actions were knowing, malicious, and intentional.

99. The Defendants' conduct was the factual, direct, and proximate cause of harm to the Plaintiff.

Levin & Zeiger LLP
123 South Broad Street, Suite 1200
Philadelphia, PA 19109
(215) 825-5183

WHEREFORE, Plaintiff Kimball demands compensatory and punitive damages against Defendants for the common law tort of false imprisonment, for such sums as would reasonably and properly compensate him for his injuries in excess of Two Hundred Thousand Dollars ($200,000).

                                Respectfully submitted,

                                <u>/s/ Brian J. Zeiger</u>
                                LEVIN & ZEIGER, LLP
                                BY: BRIAN J. ZEIGER
                                IDENTIFICATION NO.: 87063
                                123 S. BROAD STREET, SUITE 1200
                                PHILADELPHIA, PENNSYLVANIA 19109
                                215.825.5183
                                zeiger@levinzeiger.com